# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| TYLER RICH, | ) | Case No. 2:18-cv-01541 |
| | ) | |
| Plaintiff, | ) | **NOTICE OF REMOVAL BY** |
| | ) | **DEFENDANT FCA US LLC** |
| v. | ) | **PURSUANT TO 15 U.S.C. § 2310 AND** |
| | ) | **28 U.S.C. §§ 1331, 1441 AND 1446** |
| FCA US LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Defendant FCA US LLC ("FCA" or "Defendant"), through its undersigned counsel, hereby removes this action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia. This removal is made pursuant to 15 U.S.C. § 2310 and 28 U.S.C. §§ 1331, 1441 and 1446. The grounds for removal are as follows:

## STATEMENT OF JURISDICTION

1.  This is a civil action for which this Court has original jurisdiction under 15 U.S.C. § 2310 and 28 U.S.C. §§ 1331, and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 for the reasons set forth below.

## THE REMOVED ACTION

2.  This civil action, filed on November 8, 2018, was pending in the Circuit Court of Kanawha County, West Virginia, a court located within this District, under Case Number 18-C-1405.

3.  FCA was served with the Summons and Amended Complaint[1] on November 29, 2018. (*See* Ex. A and Ex. C.) Plaintiff's written discovery on FCA accompanied the Amended

---

[1] The state court docket reflects a Complaint was filed on November 8, 2018. FCA has not been served with that Complaint. Rather, the first and only service FCA received on this action was the summons and pleading titled "Amended Complaint" (*see* docket, Ex. C.) filed on November 15, 2018.

Complaint.  These documents are the only items served on this removing Defendant.  FCA has not answered, moved to dismiss, or otherwise responded to the Amended Complaint.

    4.       This Notice of Removal is accompanied by the following documents:

- Process (Ex. A);
- The Amended Complaint asserting the causes of action and the accompanying written discovery (Ex. B); and
- The state court docket sheet (Ex. C).

    5.       Plaintiff Tyler Rich's ("Plaintiff") claims relate to Plaintiff's alleged purchase of a 2015 Jeep Grand Cherokee (Am. Compl. ¶ 9.)  Plaintiff alleges that his vehicle "contains **a** 'defeat device' allowing it to 'cheat' emissions testing and this device and deceptive advertising relating to it is the subject of a class action.**"** (Am. Compl. ¶ 26.)

    6.       Although the Complaint does not mention this expressly, Plaintiff's vehicle is one of the vehicles subject to the widely publicized Notice of Violation, dated January 12, 2017, issued to Defendant by the Environmental Protection Agency ("EPA" and the "EPA Notice"), asserting that undisclosed Auxiliary Emissions Control Devices were included in certain FCA diesel vehicles, including Plaintiff's vehicle.[2]  A multidistrict litigation ("MDL") was established before the Honorable Edward M. Chen in the United States District Court for the Northern District of California involving similar consumer claims regarding FCA diesel vehicles subject to the EPA Notice.  Defendant intends to notify the Judicial Panel on Multidistrict Litigation that the instant action is a "tag-along action" and to have the case transferred to the MDL, with the other similar consumer cases already pending in the MDL.

---

[2] The EPA Notice covers Model Year 2014-16 Ram 1500 and Jeep Grand Cherokee vehicles equipped with 3-liter EcoDiesel engines. Plaintiff's vehicle is a Model Year 2015 Jeep Grand Cherokee with a 3-liter EcoDiesel engine, and therefore a subject of the EPA Notice.

2

## PROCEDURAL ISSUES

7. Removal is timely under 28 U.S.C. § 1446(b). Plaintiff served FCA with the Amended Complaint on or about November 29, 2018. (*See* Ex. A and Ex. C.)  This notice of removal is timely filed within the 30-day period following service of the complaint on FCA.

8. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division where the state court case was pending. The Circuit Court of Kanawha County is located within the Southern District of West Virginia.

9. What has been referred to as "the rule of unanimity" requires, ordinarily, that all defendants join in, or consent to, removal. *See* 28 U.S.C. § 1446(a); *Wolfe v. Green*, 660 F. Supp. 2d 738, 744 (S.D. W. Va. 2009).  An exception to the rule of unanimity applies where less than all defendants have been served at the time of removal. In such a case, for removal to be proper, it is held that only the defendants served at the time of removal need join, or consent to, the notice of removal.  *Wolfe*, 660 at 744.  "Individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992).

10. Here, the docket indicates defendant Urse Dodge, Inc. was served with the complaint on December 14, 2018.  The docket does not reflect service on defendant Fairmont Federal Credit Union.

## JURISDICTION IS PROPER UNDER 15 U.S.C. § 2310

11. Plaintiff pleads a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.

12. 15 U.S.C. § 2310 provides that a consumer damaged by the failure of a supplier to comply with its obligations under the Magnuson-Moss Warranty Act "may bring suit for

damages and other legal and equitable relief . . . in an appropriate district court of the United States," as long as the amount in controversy is $50,000 or greater. 15 U.S.C. § 2310(d)(1)(B), (3)(B).

13. Plaintiff's Amended Complaint does not specifically request an amount in excess of $50,000, but a review of the claims demonstrates that the amount-in-controversy requirement is met. Plaintiff seeks revocation and a return of all money paid for the subject vehicle. (Am. Compl. ¶ 64.). Upon information and belief, Plaintiff purchased the subject vehicle from Urse Dodge for the out-the-door price of $43,740.09. Plaintiff also seeks damages for emotional and mental distress, loss of use, aggravation, anxiety, annoyance and inconvenience. (Am. Compl., *ad damnum*, ¶ 6.) He also seeks punitive damages. (Am. Compl., *ad damnum*, ¶ 10.)

14. Due to the nature of Plaintiff's allegations, the damages sought, and the averments in the Complaint, the amount in controversy herein, exclusive of costs and interest, is in excess of $50,000. Therefore, "the district courts of the United States have original jurisdiction" over this claim, and removal is appropriate under 28 U.S.C. § 1441.

## **JURISDICTION IS ALSO PROPER UNDER 28 U.S.C. § 1331**

15. The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

16. The U.S. Supreme Court has stated that federal courts may exercise subject matter jurisdiction over a state law claim if an essential element of the state law claim turned on a federal question. See *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986) (district court has subject matter jurisdiction if "plaintiff's right to relief depends on the resolution of a substantial question of federal law"); *Franchise Tax Bd. of Cal.* v. *Constr.*

4

*Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28 (1983); *see also Grable & Sons Metal Prods., Inc.* v. *Darue Eng'r & Mfnr.,* 545 U.S. 308, 314 (2005) (explaining that a complaint alleging only violations of state law does not bar removal to federal court under federal question jurisdiction if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities").

17. The crux of Plaintiff's Complaint is that Defendant's alleged sale of a vehicle containing a "defeat device" allowed the vehicle to "cheat" emissions testing, and Plaintiff apparently even refers to the MDL by noting this alleged device and the alleged deceptive advertising relating to it is the subject of a "class action." (*See, e.g.*, Am. Compl. ¶ 26). Indeed, this alleged "defect" set forth in Plaintiff's "Factual Background" section of his complaint forms the factual basis for all of Plaintiff's claims. Plaintiff is presumably referring to alleged noncompliance with federal emissions standards, and this is the genesis, gravamen and framework for Plaintiff's claims.

18. Plaintiff "may not defeat removal by omitting to plead necessary federal questions in a complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998); *see Westmoreland Hosp. Ass'n* v. *Blue Cross of W. Pennsylvania*, 605 F.2d 119, 123 (3d Cir. 1979) (jurisdiction was proper even when suit was ultimately decided on state law grounds where plaintiffs "volunteered on the face of their complaint legal conclusions based on federal statutes and regulations"). A court may uphold removal if it concludes that a plaintiff has "artfully pleaded" claims in order to avoid federal questions. *Id.*

19. Plaintiff's "Unfair and Deceptive Acts or Practices" claim, his fraud and misrepresentation claims, and other claims, though purportedly asserted under state law, are

5

clearly dependent on the construction and interpretation of emission standards established by the EPA. For even if state law creates the actual claims asserted in a plaintiff's complaint, federal question jurisdiction is proper in cases in which the right to relief necessarily depends on the "resolution of a substantial question of federal law. . . ." *Kay v. McGuire Woods, LLP*, S.D.W.Va. No. 2:11-cv-00341, 2012 U.S. Dist. LEXIS 44123, at *4-5 (Mar. 28, 2012) (quoting *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005)). Whether Defendant violated EPA standards or the Clean Air Act is plainly a question of federal law.

20. The Complaint relies on allegations and assumptions implicating substantial questions of federal law, including whether Defendant violated the Clean Air Act and related regulations by the use of an alleged "defeat device" (Am. Compl. ¶ 26)—notably, a term defined solely by *federal* law. *See* CAA § 203(a)(1), 42 U.S.C. § 7522(a)(3)(B); 40 C.F.R. § 86.1803-01. Thus, the Complaint presents a federal question and satisfies the requirements of 28 U.S.C. § 1331. *See Beshear ex rel. Ky. v. Volkswagen Grp. of Am., Inc.*, No. 16-cv-27-GFVT, 2016 U.S. Dist. LEXIS 68543, at *13 (E.D. Ky. May 25, 2016) ("Establishing the recovery sought in the complaint based on the installation of 'defeat devices' therefore appears to raise several federal issues and definitions in light of the expansive scope of the CAA.").

## NOTICE TO ADVERSE PARTY AND STATE COURT

21. Written notice of the filing of this Notice of Removal will be given to all parties as required by law.

22. FCA will promptly file a copy of this Notice of Removal with the Clerk of Circuit Court of Kanawha County, West Virginia, as required by 28 U.S.C. § 1446(d).

## CONCLUSION

23. Pursuant to 15 U.S.C. § 2310 and 28 U.S.C. §§ 1331, 1441 and 1446, Defendant hereby removes this action from the Circuit Court of Kanawha County, West Virginia to the

United States District Court for the Southern District of West Virginia.

        Respectfully submitted,

        /s/ Adam W. Martin_____
        Adam W. Martin (#9886)
        James M. Popson (#8843)
        SUTTER O'CONNELL
        3600 Erieview Tower
        1310 East 9th Street
        Cleveland, Ohio 44114
        (216) 928-2200
        amartin@sutter-law.com

        *Counsel for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on December 26, 2018 a copy of FCA US LLC's **Notice of Removal** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system:

Kristina Thomas Whiteaker (#9434)
David L. Grubb (#1498)
The Grubb Law Firm
1114 Kanawha Boulevard, East
Charleston, WV 25301

*Counsel for Plaintiff Tyler Rich*


Urse Dodge, Inc.
Agent Robert Urse
14 Tygart Mall Loop
Whitehall, WV 26554

*Defendant Urse Dodge, Inc.*


Fairmont Federal Credit Union
2 The Credit Union Way
Fairmont, WV 26554

*Defendant Fairmont Federal Credit Union*


              /s/ Adam W. Martin_____
              Adam W. Martin (#9886)